UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARLOS BRITO,

    Plaintiff,

v.

INTERTEK BROADWAY PLAZA LLC,
MANTIS CAFE AND JUICE BAR LLC D/B/A
MANTIS CAFE AND JUICE BAR and
ALIF NORTH MIAMI LLC D/B/A
TAJ MAHAL INDIAN CUISINE,

    Defendants.
_____/

## COMPLAINT

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues INTERTEK BROADWAY PLAZA LLC, MANTIS CAFE AND JUICE BAR LLC D/B/A MANTIS CAFE AND JUICE BAR and ALIF NORTH MIAMI LLC D/B/A TAJ MAHAL INDIAN CUISINE (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, with a

1

residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4.     At all times material, Defendants, INTERTEK BROADWAY PLAZA LLC, owned and continue to own a commercial property at 2210 NE 123 Street North Miami, Florida 33181 (hereinafter the "commercial property") which conducted a substantial amount of business in that place of public accommodation in North Miami, Florida.

5.     At all times material, Defendant, MANTIS CAFE AND JUICE BAR LLC D/B/A MANTIS CAFE AND JUICE BAR, was and is a Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in North Miami, Florida.

6.     At all times material, Defendant, MANTIS CAFE AND JUICE BAR LLC D/B/A MANTIS CAFE AND JUICE BAR, owned and operated a commercial juice bar business located at 2210 NE 123 STREET North Miami, Florida 33181[1] (hereinafter the "juice bar") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, MANTIS CAFE AND JUICE BAR LLC., holds itself out to the public as "MANTIS CAFE AND JUICE BAR."

7.     At all times material, Defendant, ALIF NORTH MIAMI LLC D/B/A TAJ MAHAL INDIAN CUISINE, was and is a Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in North Miami, Florida.

8.     At all times material, Defendant, ALIF NORTH MIAMI LLC D/B/A TAJ MAHAL INDIAN CUISINE, owned and operated a commercial restaurant business located at

---

[1] This juice bar sits within the commercial plaza that is owned by Co-Defendant/Landlord, INTERTEK BROADWAY PLAZA LLC at 2210 NE 123 STREET North Miami, Florida 33181.

2216 NE 123 STREET North Miami, Florida 33181[2] (hereinafter the "restaurant") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, ALIF NORTH MIAMI LLC D/B/A TAJ MAHAL INDIAN CUISINE, holds itself out to the public as "TAJ MAHAL INDIAN CUISINE."

9. At all times material, Defendant, ALIF NORTH MIAMI LLC D/B/A TAJ MAHAL INDIAN CUISINE, was and is each a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in North Miami, Florida.

10. At all times material, INTERTEK BROADWAY PLAZA LLC, is the individual owner of the real property that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in North Miami, Florida.

11. At all times material, MANTIS CAFE AND JUICE BAR LLC D/B/A MANTIS CAFE AND JUICE BAR, is the individual owner of the juice bar that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in North Miami, Florida.

12. At all times material, ALIF NORTH MIAMI LLC D/B/A TAJ MAHAL INDIAN CUISINE, is the individual owner of the restaurant that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in North Miami, Florida.

13. Venue is properly located in the Southern District of Florida because Defendants' commercial property, market, and related businesses are located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

---

[2] This restaurant sits within the commercial plaza that is owned by Co-Defendant/Landlord, INTERTEK BROADWAY PLAZA LLC at 2210 NE 123 STREET North Miami, Florida 33181.

## FACTUAL ALLEGATIONS

14. Although well over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

15. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant have continued to discriminate against people who are disabled in ways that block them from access and use of Defendant's property and the businesses therein.

16. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

17. The Defendants in the instant case are the owners of the real property and the owner of the market business located within the subject commercial property at 6985 W. 12th Avenue North Miami, Florida 33014 which together are a place of public accommodation.

18. Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

19. Defendants, INTERTEK BROADWAY PLAZA LLC, own, operate, and oversee the commercial property, with all areas open to the public.

20. Defendant, MANTIS CAFE AND JUICE BAR LLC D/B/A MANTIS CAFE AND

JUICE BAR, owns, operates and oversees the commercial juice bar within this commercial property, to include all areas open to the public to its commercial market business therein.

21. Defendant, ALIF NORTH MIAMI LLC D/B/A TAJ MAHAL INDIAN CUISINE, owns, operates and oversees the commercial restaurant within this commercial property, to include all areas open to the public to its commercial market business therein

22. The subject commercial property and market is each open to the public and is located in Miami, Florida. The individual Plaintiff visits the commercial property and market, to include visits to the commercial property and businesses located within the commercial property on September 25, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial property.  He often visits the commercial property and market business in order to avail himself of the goods and services offered there, and because it is approximately twenty-eight (28) miles from his residence and is near other business and market he frequents as a patron.  He plans to return to the commercial property within two (2) months from the date of the filing of this Complaint.

23. The Plaintiff, CARLOS BRITO, found the commercial property and commercial juice bar and restaurant businesses each to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the commercial property and market business and wishes to continue his patronage and use of the premises.

24. The Plaintiff, CARLOS BRITO, has encountered architectural barriers that are in violation of the ADA at the subject commercial property and market. The barriers to access at Defendants' commercial property, juice bar, and restaurant business have each denied or diminished Plaintiff's ability to visit the commercial property and have endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies),

5

embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

25. Mr. Brito is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

26. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. Mr. Brito is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

27. Defendants, INTERTEK BROADWAY PLAZA LLC, owns and operates the commercial real property which is the subject of this ADA Action and which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, INTERTEK BROADWAY PLAZA LLC, as owner of the commercial real property are accordingly jointly and severally responsible for complying with the obligations of the ADA along with their tenants and Co-Defendants, MANTIS CAFE AND JUICE BAR LLC D/B/A MANTIS CAFE AND JUICE BAR and ALIF NORTH MIAMI LLC D/B/A TAJ MAHAL INDIAN CUISINE.

28. The place of public accommodation that Defendant, MANTIS CAFE AND JUICE BAR LLC D/B/A MANTIS CAFE AND JUICE BAR, owns and operates is the juice bar located at 2210 NE 123 STREET North Miami, Florida 33181 and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlords and Co-Defendant, INTERTEK BROADWAY PLAZA LLC.

29. The place of public accommodation that Defendant, ALIF NORTH MIAMI LLC

D/B/A TAJ MAHAL INDIAN CUISINE, owns and operates is the restaurant located at 2216 NE 123 STREET North Miami, Florida 33181 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlords and Co-Defendant, INTERTEK BROADWAY PLAZA LLC.

30. Defendants/Landlords, INTERTEK BROADWAY PLAZA LLC, as owners of the commercial property, and Co-Defendant/Tenants, MANTIS CAFE AND JUICE BAR LLC D/B/A MANTIS CAFE AND JUICE BAR INC. and ALIF NORTH MIAMI LLC D/B/A TAJ MAHAL INDIAN CUISINE, as owners of the commercial juice bar and restaurant business (respectively) located at the subject property are together each jointly and severally liable for all ADA violations listed in this Complaint for the violations within their leased spaces.

31. Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property and market business, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property, in violation of the ADA. Plaintiff desires to visit the commercial property and businesses located therein, not only to avail himself of the goods and services available at the commercial property, but to assure himself that the commercial property and market business are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial property without fear of discrimination.

32. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial property, as prohibited by 42 U.S.C. § 12182 <u>et seq</u>.

## COUNT I - ADA VIOLATIONS FOR LANDLORDS/DEFENDANTS, INTERTEK BROADWAY PLAZA LLC FOR COMMON AREAS

33. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

34. Defendants, INTERTEK BROADWAY PLAZA LLC. have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property, include but are not limited to, the following:

A. Parking

i. The Plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Entrance Access and Path of Travel

i. The Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises more than ½ inch high at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the facility is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and

accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

iv. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are vertical changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes more than 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### **COUNT II - ADA VIOLATIONS FOR LANDLORDS/DEFENDANTS, INTERTEK BROADWAY PLAZA LLC AND TENANT/DEFENDANT FOR AREAS WITHIN MANTIS CAFE AND JUICE BAR LLC D/B/A MANTIS CAFE AND JUICE BAR INC.**

35. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

36. Defendants, INTERTEK BROADWAY PLAZA LLC and MANTIS CAFE AND JUICE BAR LLC D/B/A MANTIS CAFE AND JUICE BAR INC. have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial market property, include but are not limited to, the following:

A. Public Restrooms

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons

with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

v. The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The required latch side clearance is not provided on the pull side of the restroom door violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III - ADA VIOLATIONS FOR LANDLORDS/DEFENDANTS, INTERTEK BROADWAY PLAZA LLC AND TENANT/DEFENDANT FOR AREAS WITHIN ALIF NORTH MIAMI LLC D/B/A TAJ MAHAL INDIAN CUISINE**

37. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

38. Defendants, INTERTEK BROADWAY PLAZA LLC and ALIF NORTH MIAMI LLC D/B/A TAJ MAHAL INDIAN CUISINE have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial market property, include but are not limited to, the following:

A. Access to Goods and Services

i. There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

11

B. <u>Public Restrooms</u>

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily

achievable.

vii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

39. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the commercial property, juice bar, and restaurant; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

40. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial property, and also in the juice bar, and restaurant businesses within the place of public accommodation; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief

provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

41. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

42. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to

42 U.S.C. § 12205 and 28 CFR 36.505.

43. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

44. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

45. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located in and/or within the commercial property, juice bar, and restaurant located at the commercial plaza whose address is listed 2210 NE 123 STREET North Miami, Florida 33181, to include the interiors, exterior areas, and the common exterior areas of the commercial property and market in order to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cure its violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and

usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 6, 2024

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com


By:     /s/  Anthony J. Perez
          ANTHONY J. PEREZ
          Florida Bar No.: 535451